UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOSE CARLOS MENDIOLA a/k/a JOSE CARLOS MENDIOLA MORA, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 19-2829-JDT-cgc |
| SHELBY COUNTY JAIL MEDICAL STAFF, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

ORDER DISMISSING CASE WITH PREJUDICE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On December 26, 2019, the Court dismissed the *pro se* prisoner complaint filed by Plaintiff Jose Carlos Mendiola a/k/a Jose Carlos Mendiola Mora and granted leave to file an amended complaint. (ECF No. 7.) Mendiola filed a document on January 9, 2020, (ECF No. 8), which the Court construes as an amendment to his complaint. The Court also construes the amendment as naming Dr. First Name Unknown (FNU) Hill as a Defendant; therefore, the Clerk shall record Dr. FNU Hill, a doctor at the Shelby County Criminal Justice Center (Jail) as a Defendant in this case.

In the amended complaint, Mendiola alleges he has had spots and blisters on his arms and body since February 2019 but did not receive any medical treatment, despite his requests, until September 2019. At that time, Dr. Hill gave Mendiola some shampoo,

which he states did not help his condition. (*Id.* at PageID 25.) Mendiola allegedly went to an outside clinic on four consecutive days in November 2019, where blood and saliva exams and breathing exams were performed. (*Id.*) During the fourth visit to the clinic on November 14th, Mendiola states "the doctor told me that I have       and that I have to have proper medical treatment because it's been too long without receiving any." (*Id.*) Mendiola left a blank space in that sentence and does not actually identify the medical condition with which he was diagnosed.

When Mendiola was returned to the Jail, Dr. Hill allegedly gave him only Hydrocortisone cream, which also did not help his condition. (*Id.*) He states that on January 1, 2020, he asked an unspecified person why he had not received any medical treatment. (*Id.*) He also asked for the name of the outside clinic, the name of the outside doctor, and for his medical file but "did not receive none." (*Id.*) Mendiola asserts the "medical staff" at the Jail has violated his rights under the Eighth Amendment and under article 1, section 16 of the Tennessee Constitution. (*Id.*)

Mendiola seeks proper medical treatment free of charge and monetary damages of $250,000. (*Id.* at PageID 26.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 7 at PageID 18-19), and will not be reiterated here.

As stated in the Court's previous order, any claims asserted collectively against the unidentified members of the "medical staff" are insufficient to state a claim for lack of medical care. The only specific Defendant named in the amended complaint is Dr. Hill,

who allegedly gave Mendiola only shampoo and Hydrocortisone cream, which did not help his condition.

Claims regarding the denial of medical care arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298. The objective component of an Eighth Amendment claim based on a lack of medical care requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897; *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

Mendiola still alleges only that he has "spots and blisters" on his arms and body, without any details concerning a diagnosis. Thus he again fails to sufficiently allege that he has an objectively serious medical need. However, even if the Court finds that Mendiola has alleged a serious medical need, he also fails to allege the subjective component of an Eighth Amendment violation.

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v. Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Id.* at 837.

Absent any details about the specific medical condition from which Mendiola suffers, the Court cannot presume that by giving him "only" shampoo and Hydrocortisone cream, Dr. Hill disregarded an excessive risk of harm to Mendiola's health. Thus Meniola has failed to state an Eighth Amendment claim against Dr. Hill.

Though Mendiola alleges the lack of adequate medical care also violates the Tennessee Constitution, Tennessee does not recognize actions for damages for violations

4

of the Tennessee Constitution. *See Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W. 3d 434, 444-45 (Tenn. Ct. App. 1999); *see also Siler v. Scott*, No. E2017-01112-COA-R3-CV, 2019 WL 2306932, at *11 (Tenn. Ct. App. May 30, 2019).

Because Mendiola's amended complaint fails to state a claim on which relief can be granted, this case is DISMISSED with prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Mendiola in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED that any appeal in this matter by Mendiola would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Mendiola nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Mendiola is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by

filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Mendiola, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE